October 3, 2016

**Via ECF**

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

The Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007-1312

**Stephen Riccardulli**
**Partner**
Direct line +1 212 318 3416
stephen.riccardulli@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:     *Detention Watch Network v. ICE,* 14 Civ. 583 (LGS)

Dear Judge Schofield:

We represent The GEO Group, Inc. ("GEO") in the above referenced matter.  By its September 1, 2016 Opinion and Order (the "September 1 Order"), the Court granted GEO and Corrections Corporation of America's ("CCA") motions to intervene for the sole purpose of appealing the Court's July 14, 2016 Opinion and Order (the "July 14 Order").  Although GEO and CCA filed a joint notice of appeal on September 9th, GEO believes a question exists as to whether the Court's July 14 Order is appealable.[1]  Accordingly, GEO[2] requests that the Court enter a second order requiring Defendants to produce the documents at issue; *or* alternatively, clarify that the July 14 Order requires the immediate production of documents, *and* simultaneously stay the obligation pending the resolution of GEO's appeal.  Without clarification or a second order, the parties (and the Court) risk delay if the Second Circuit declines to exercise jurisdiction.  Further, without a stay, the information that is the subject of the appeal would be released, injuring GEO's right to a meaningful appeal.

It is well settled that disclosure orders in FOIA cases are appealable.  Indeed, whether pursuant to 28 U.S.C. § 1292(a) or as a collateral order, circuit courts agree that appellate jurisdiction vests at the time the turnover order is made.  A "turnover" order is one that explicitly requires the immediate disclosure."  *See e.g., Ferguson v. FBI*, 957 F.2d 1059, 1063 (2d Cir. 1992); *Irons v. FBI*, 811 F.2d 681, 683 (1st Cir. 1987).  Here, although the Court granted Plaintiffs' partial motion for summary judgment – and denied Defendants' – it is unclear whether the July 14 Order is a "turnover order."

---

[1]   At the August 9, 2016 conference, the Court inquired as to whether the July 14 Order is appealable. Counsel for Defendants acknowledged that it was unclear under Second Circuit authority.

[2]   CCA joins in this request.  The undersigned has conferred with counsel for Defendants and Plaintiffs and can report that:  (1) Defendants do not object to GEO's request; and (2) that while Plaintiffs do not object to GEO's request for a turnover order (or clarification), Plaintiffs will oppose a motion to stay.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

27536247.1

The Honorable Lorna G. Schofield
October 3, 2016
Page 2

NORTON ROSE FULBRIGHT

In the opening paragraph, the Court states that "[e]xemptions 4 and 7(E) do not apply to unit prices, bed-day rates and staffing plans, and the information must be produced." *July 14 Order*, at 1. Thereafter, however, the Court held that the requested materials "are not protected from disclosure under Exemption 4," and "Defendants cannot withhold information in staffing plans pursuant to Exemption 7(E). *Id.* at 14-15. While one may read the July 14 Order to require the disclosure, it is unclear whether it "explicitly require[d] the immediate disclosure." *Ferguson*, 957 F.2d at 1063. GEO respectfully requests an order that explicitly requires the immediate disclosure of the materials requested by Plaintiffs. Alternatively, GEO requests that the Court clarify that the July 14 Order required the immediate production of the requested documents. By doing so, the Court would remove any doubt as to the ability of the Second Circuit to hear GEO's appeal – effectuating the purpose of the Court's September 1 Order.

GEO also requests that the Court stay the Defendants' obligation to produce the unit prices, bed-day rates and staffing plans pending the resolution of the appeal. The stay is necessary and appropriate as it is the only way to protect GEO and CCA's rights to meaningful appellate review. As other courts have recognized in the context of FOIA litigation, "the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal," and "[m]eaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). Unless the Court issues a stay, however, GEO's and CCA's rights of appeal in this case will become moot. The injury will be irreparable. "Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored. . . . Failure to grant a stay will entirely destroy appellants' rights to secure meaningful review." *Id.*

Thus, "[p]articularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007); *see also, e.g.*, *John Doe Agency, et al. v. John Doe Corp.*, 488 U.S. 1306, 1307-09 (1989) (Marshall, J., in chambers); *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 355 n.3 (2d Cir. 2005); *Ferguson*, 957 F.2d at 1060.

Furthermore, issuance of the stay will not substantially injure Plaintiffs. Indeed, even if GEO ultimately receives an unfavorable ruling from the Court of Appeals, the grant of a stay will be detrimental to Plaintiffs only to the extent that it postpones the moment of disclosure.[3] Such is outweighed by GEO's interests in receiving effective appellate review of a decision that would require disclosure of its confidential information. *See Providence Journal Co.*, 595 F.2d at 890 ("Weighing this latter hardship against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.").

Accordingly, pursuant to Your Honor's individual rules and procedures, GEO respectfully requests a pre-motion conference to discuss GEO's requested order and its motion to stay.

---

[3]    On September 30, 2016, Plaintiffs filed a cross-appeal of this Court's September 1 Order granting intervention to GEO and CCA. GEO respectfully submits that the Plaintiffs cannot claim prejudice from a stay pending appeal when they too are seeking appellate relief from the Second Circuit.

The Honorable Lorna G. Schofield
October 3, 2016
Page 3

NORTON ROSE FULBRIGHT

Respectfully submitted,

*/s/ Stephen Riccardulli*

cc:      All Counsel of Record (Via ECF)