

October 10, 2016

**Via ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007-1312

RE:   *Detention Watch Network, et al., v. ICE, et al.,* 14-cv-0583

Dear Judge Schofield:

Plaintiffs write respectfully to oppose the request by the GEO Group ("GEO") and Corrections Corporation of America ("CCA") (together, "the contractors") for a stay of this Court's July 14 Opinion and Order ("July 14 Order") pending appeal.

As a preliminary matter, the Court's July 14 Order is appealable. "[A]fter the district court rules on any claimed exemptions -- either for or against the government -- … there [will] be a final decision for the government or [the plaintiff] to appeal." *Citizens for Responsibility & Ethics v. United States Dep't of Homeland Sec.*, 532 F.3d 862, 863 (D.C. Cir. 2008). The Court ruled that "Exemptions 4 and 7(E) do not apply to unit prices, bed-day rates and staffing plans, and *the information must be produced*." (July 14 Order at 1). The Order is thus clearly appealable. Nonetheless, Plaintiffs do not oppose the contractors' attempt to seek a clarifying order, so long as it is issued *nunc pro tunc* to July 14, 2016.[1]

The contractors are not entitled to a stay, which is an "'extraordinary remedy'" held to "'stringent standards.'" *Nat'l Resource Def. Council v. United States FDA.*, 884 F. Supp. 2d 108,124 (S.D.N.Y. 2012), quoting *Shays v. Federal Elections Comm'n.*, 340 F. Supp. 2d 39, 41 (D.D.C. 2004) (denying stay pending appeal).

**The Contractors Do Not Meet the Standard for a Stay Pending Appeal.**

"A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. N.Y. 1994). In assessing whether to award a stay, courts evaluate the following:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

---

[1] The contractors' letter, (Dkt No. 147), did not make clear that Plaintiffs' consent to a clarification depended on its being issued *nunc pro tunc* so as to avoid further delay.

>will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. N.Y. 2007) (internal citations and quotations omitted). .

The contractors do not cite this standard, because they know they cannot meet it. As shown below, they (1) do not argue that they have a likelihood of success on the merits; (2) cannot demonstrate irreparable harm absent a stay; (3) erroneously dismiss the injury to the Plaintiffs caused by further delay; and (4) fail even to mention the public interest. Their request must be denied.

**1. The Contractors Do Not Even Raise the Likelihood of Success on the Merits.**

To persuade the Court to stay government disclosure of unit prices and staffing plans, the contractors must explain why they believe they are likely to win their appeal on the merits. They do not even try; nowhere in their application do they even mention the possibility of success. Thus they waive their right to cure their omission on reply or on appeal. On this ground alone, a stay must be denied. *See FFG-NJ Vehicle Funding Corp. v. Holtmeyer (In re Holtmeyer),* 229 B.R. 579, 582 (E.D.N.Y. 1999) (likelihood of success on the merits is the "single most important factor" in deciding whether to award a stay).

In any event, the contractors cannot win on the merits. The Court's decision granting summary judgment to Plaintiffs found that unit prices, bed-day rates, and staffing plans in government contracts could not be viewed as "obtained from a person" and therefore could not be withheld pursuant to Exemption 4. (July 14 Order at 7-8). Relying on the Second Circuit's decision in *Bloomberg, L.P. v. Bd. of Governors of the Fed. Reserve Sys*., 601 F.3d 143 (2010), the Court found that such information in detention contracts was government information, not proprietary secrets. Because information in government detention contracts is analogous to the terms of government loan agreements discussed in *Bloomberg*, unit prices, bed-day rates and staffing plans fit squarely within the precedent set six years ago in that case. (July 14 Order at 8).

Further, the contractors cannot overcome the Court's analysis that the information is not confidential. Analyzing the declarations of both Defendant agencies and the detention contractors themselves, the Court found only "speculative explanations and conclusory statements about the competitive nature of the industry and the ease with which competitors could reverse-engineer pricing information from bed-day rates." (July 14 Order at 11). The "specificity needed to meet Defendants' burden of showing competitive harm" is nowhere in the contractors' declarations, *id*., and given that they are now precluded from supplementing the record, they are highly unlikely to succeed in their appeal.

The contractors seem aware that their chances of success are slim; they have not even bothered to argue that they will succeed on the merits, and the government itself has declined to appeal. Instead, it appears that the contractors' strategy is to delay disclosure of information until it is so stale that it will have little value to Plaintiffs or other advocates. This kind of delaying tactic is "antithetical" to the Freedom of Information Act and must be rejected. *Families for*

*Freedom v. United States Customs and Border Patrol*, 837 F. Supp. 2d 331, 337 (S.D.N.Y. 2011).

### 2. The Contractors Cannot Show Irreparable Harm from Disclosure.

The contractors claim they will suffer irreparable harm absent a stay, because the confidentiality of the information sought would be destroyed by disclosure. But much of the information they seek to protect has been in the public domain for several months, because in December, 2015, Defendants produced the information to another FOIA requestor, Syracuse University's Transactional Records Access Clearinghouse ("TRAC"), who posted it on its website in April, 2016. ICE itself released the information briefly in April, 2016 on its website before taking it down. (Dkt Nos. 115-117, 119). The contractors do not provide any examples of harm they have suffered since ICE released the information and they do not address why disclosure of remaining or similar information would cause harm now. *See Inner City Press/Community on the Move v. Bd. of Governors of the Fed. Reserve Sys.*, 463 239, 244 (2d Cir. 2006) ("the exemption does not apply if identical information is otherwise in the public domain"). The contractors cannot show irreparable harm absent a stay.

### 3. Plaintiffs Will Be Injured by Continued Delays in Disclosure

The contractors state that a "stay will be detrimental to Plaintiffs only to the extent that it postpones the moment of disclosure." (Dkt No. 147 at 2). This postponement of course will cause significant prejudice; Plaintiffs filed their FOIA Request in November 2013, almost three years ago, and still await the disclosure of basic terms in government detention contracts. *See Families for Freedom*, 877 F. Supp. 2d at 337. Plaintiffs have spearheaded an advocacy campaign to expose the financial workings of government detention contracts, with a focus on the "guaranteed minimum" payments that incentivize detention of immigrants in specific facilities, the large bulk of which have private contracts. (Pls. Mem. In Support of Summ. Judgment, Dkt 75 at 7). Delays in obtaining complete information from government contracts directly injure Plaintiffs' ability to move and related campaigns forward in a time when private prison contracting is under increased scrutiny.

The contractors' claims that Plaintiffs cannot claim prejudice when "they too are seeking appellate relief" of the Court's order granting leave to intervene is unavailing. A stay will have no effect at all on whether the contractors can continue to intervene. Plaintiffs have cross-appealed the grant of intervention because without it, the contractors could not appeal at all. Plaintiffs will be injured by continued delays in obtaining information wrongly withheld by the government.

### 4. The Public Interest Will Be Harmed If A Stay Is Granted

The contractors do not even mention the public interest in their application, and with good reason: the public interest weighs heavily against granting a stay. At stake in the instant case is the public's right to know the prices the government has paid to private prison companies to detain immigrants and to understand and debate contractors' influence over immigration detention policy. In the months since the Court ordered disclosure of unit prices, bed day-rates, and staffing plans, the United States Department of Justice has announced that it plans to end using private prisons, and the public is calling for Department of Homeland Security to consider a similar change in policy. See New York Times, "First Step in Shutting Private Prisons,"

3

August 22, 2016 (available at http://www.nytimes.com/2016/08/22/opinion/first-step-in-shutting-private-prisons.html?emc=eta1). A clear understanding of the pricing schemes supporting the private detention system is crucial for informed public debate, and continued delays in disclosure are not in the public interest.

      In sum, the contractors have not met any of the requirements for obtaining a stay pending appeal, and their application should be denied. We thank the Court for its consideration of this request.

                                            Respectfully submitted,

                                            Ghita Schwarz

Cc:    Counsel of record (By ECF)


August 22, 2016 (available at http://www.nytimes.com/2016/08/22/opinion/first-step-in-shutting-private-prisons.html?emc=eta1). A clear understanding of the pricing schemes supporting the private detention system is crucial for informed public debate, and continued delays in disclosure are not in the public interest.

In sum, the contractors have not met any of the requirements for obtaining a stay pending appeal, and their application should be denied. We thank the Court for its consideration of this request.

Respectfully submitted,

Ghita Schwarz

Cc:    Counsel of record (By ECF)