*Freedom of Information Act Office*

**U.S. Department of Homeland Security**
500 12th St SW, Stop 5009
Washington, DC  20536



October 17, 2016

Ms. Ghita Schwarz, Senior Staff Attorney
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

RE:   **ICE FOIA Case Number 2014FOIA03585; 2014-ICLI-00002**
      *Detention Watch Network v. DHS* **(S.D.N.Y. Civil No. 14-cv-00583)**

Dear Ms. Schwarz:

This is the twenty-ninth interim response by U.S. Immigration and Customs Enforcement (ICE) to your Freedom of Information Act (FOIA) request, dated November 25, 2013, and received by this office on November 27, 2013.  The scope of the request was narrowed as a result of correspondence between your office and the U.S. Attorney's Office, and in particular in a letter dated March 25, 2014.  This letter hereby describes ICE's efforts to date, encloses the twenty-ninth production of documents in this case, and discusses the anticipated production next month.  We understand that this information will be provided to the Court supervising the civil litigation concerning this FOIA request.

Your request was processed under the provisions of the FOIA, 5 U.S.C. § 552.

*This Month's Production*

Pursuant to the Court's order of July 3, 2014, ICE FOIA has processed for release, and enclosed in this month's production 810 pages located pursuant to a search of ICE Office of Enforcement and Removal Operations (ERO) and ICE Office of Congressional Relations (OCR). These documents have been Bates numbered ICE 2014FOIA03585 33550 through ICE 2014FOIA03585 34358 and one excel spreadsheet.  Also included in this month's release is a large Excel spreadsheet which, if converted into a .pdf document would result in over 400 pages.  Overall, this month's release consists of emails and related attachments from ICE ERO and ICE OCR, as well as the above mentioned Excel spreadsheet.  Portions of these documents have been withheld pursuant to Exemptions 5, 6, 7(C), and 7(E) of the FOIA.

ICE has applied FOIA Exemption 5 to protect from public disclosure internal-agency draft documents and communications that contain the recommendations, opinions, and conclusions of agency employees.  The public disclosure of intra-agency draft documents and communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.  Because these draft documents and communications contain statements and positions not necessarily adopted by the agency, the

public disclosure of these draft documents and communications would result in public confusion over what constitutes the final agency position with respect to issues addressed in the draft documents and communications.  In addition, ICE applied FOIA Exemption 5 to protect from public disclosure attorney-client communications contained within the documents.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, ICE has determined that portions of the responsive documents qualify for protection under the deliberative process and attorney-client privileges.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

ICE has applied Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, the phone numbers and email address of third party individuals, as well as the names, alien numbers and other personally identifiable information of individual aliens contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right privacy.  The types of documents and/or information that we have withheld may consist of social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, ICE has

determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this decision.

ICE has applied FOIA Exemption (b)(7)(E) to protect from disclosure accounting codes, an internal code used to identify folders in an internal ICE task management system, law enforcement case numbers, law enforcement database case category codes and staffing numbers.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. ICE has determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

### *ICE's Search and Collection Efforts To Date*

As mentioned in ICE's previous cover letters, all ICE program components originally tasked with the search in response to your FOIA request have completed their searches. In sum, ICE FOIA has received approximately 32,222 pages of potentially responsive records, 32.6GB of data from the ICE Office of the Chief Information Officer and 3 CDs referred from DHS Office of the Inspector General. As of today, ICE FOIA is unable to estimate a total remaining page count as multiple email files still need to be converted into pdf files.

### *Next Month's Production*

For the next month's production, scheduled for Monday, November 15, 2016, ICE FOIA will review and process for release a minimum of 1,200 pages of responsive documents consistent with the Court's July 3, 2014, order.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): Responsive Documents: 810 pages & 1 Excel spreadsheet

CC: Jean-David Barnea, AUSA, Southern District of New York