TEL: (212) 332-8900

BRADLEY D. SIMON
KENNETH C. MURPHY
MICHAEL J. LEVIN

J. EVAN SHAPIRO
TERRENCE JOHNSON
ROBERT GENDELMAN

COUNSEL
PAMELA B. STUART
NEAL M. SHER
GENEVIEVE SROUSSI
STEPHENIE L. BROWN
HARRIET TAMEN

# SIMON & PARTNERS LLP

THE FRENCH BUILDING
551 FIFTH AVENUE
NEW YORK, NEW YORK 10176
www.simonlawyers.com

FAX: (212) 332-8909

NEW YORK
WASHINGTON D.C.

October 18, 2016

**By ECF**
The Hon. Lorna G. Schofield, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Detention Watch, et al. v. ICE, et al.*
14 Civ. 583 (LGS)

Dear Judge Schofield:

      We write on behalf of our client, Corrections Corporation of America, Inc. ("CCA"), Intervenor-Defendant in the above-referenced matter, to respond to the letter of Ghita Schwarz on behalf of Plaintiffs Detention Watch and the Center for Constitutional Rights dated October 10, 2016 (ECF No. 151) (the "Plaintiffs' Letter").[1] The Plaintiffs' Letter prematurely requests that the Court deny the motion proposed in the letter submitted to the Court by Intervenor-Defendant The GEO Group, dated October 3, 2016 (ECF No. 147) (the "GEO Group Letter"). The GEO Group Letter was filed pursuant to Your Honor's Individual Practices Rule III. A. 1., which requires the filing of "a letter motion on ECF requesting a pre-motion conference." It further states that "an adversary wishing to oppose the motion shall file on ECF a written response."

      CCA requested that The GEO Group submit The GEO Group Letter on CCA's behalf. The GEO Group Letter expresses concern about the Second Circuit's jurisdiction over an appeal from the Court's July 14, 2016 order (ECF No. 123) (the "July 14 Order"). The July 14 Order granted partial summary judgment against Defendants with respect to their reliance on FOIA Exemptions 4 and 7(E) in refusing to produce to Plaintiffs documents and information concerning the unit prices, bed-day rates and staffing plans for various detention facilities set forth in agreements between the Defendants and the Intervenor-Defendants (the "Pricing Documents"). The July 14 Order does not explicitly compel Defendants to produce the documents at issue – a fact that reflects the absence of any explicit request by Plaintiffs, in their

---

[1] Intervenor-Defendant The GEO Group, Inc. joins this letter.

Hon. Lorna G. Schofield
*Detention Watch, et al. v. ICE, et al.*
October 14, 2016
Page 2 of 3

Notice of Motion for Partial Summary Judgment against Defendants, for issuance of any such order to compel. (*See* ECF No. 74.)

The GEO Group Letter requests that the Court clarify that its July 14 Order requires the Defendants to produce the Pricing Documents, or, alternatively, issue a new order compelling Defendants to produce them, in order to avoid litigation over appellate jurisdiction before the Second Circuit. However, because the Intervenor-Defendants will be irreparably harmed by the release of this information, The GEO Group Letter additionally requests an order staying the production of the Pricing Documents. The Plaintiffs' Letter states that the Plaintiffs will consent to the initial motion for a production or clarification order under certain conditions. (ECF No. 151 at 1.) However, the Plaintiffs' Letter opposes the second motion raised in The GEO Group Letter – the motion for a stay. (*See* id.)

**CCA believed it necessary to submit this letter because Plaintiffs have not simply informed the Court of their arguments against the issuance of a stay, but instead, in their letter to the Court, contend that the Court must deny the Intervenor-Defendants *any further opportunity to state their arguments in support for the issuance of a stay.*** Plaintiffs argue that because The GEO Group Letter does not explicitly address the Intervenor-Defendants' likelihood of success on the merits of their appeal from the July 14 Order, the Intervenor-Defendants have somehow "waive[d] their right to cure their omission on reply or on appeal." (Id. at 2.) Plaintiffs further argue that such omission means that the Court "must" deny the stay motion. (Id.)

CCA submits that Plaintiffs' assertions concerning the Intervenor-Defendants' proposed stay motion are unfounded and not supported by any authority. First, the proposed motion for a stay is not yet ripe as the Court has not entered an order explicitly requiring the Defendants to produce the Pricing Documents. Second, the required exchange of pre-motion conference letters pursuant to Your Honor's Individual Practices was intended neither to supplant motion practice under the Federal Rules of Civil Procedure, nor to be a party's one-and-only opportunity to state the arguments in support of a motion it seeks to file.

Moreover, Plaintiffs' Letter misstates the law with respect to the proposed motion for a stay. Counter to Plaintiffs' assertions, the Court is *not* required to determine "whether the stay applicant has made a strong showing that he is likely to succeed on the merits," *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007), before issuing a stay at this time in this case. "A district court's authority to stay a pending action is an aspect of its broad and inherent power over its own process, to prevent abuses, oppressions and injustice, so as not to produce hardship, and to do substantial justice. In issuing a stay, a court must weigh competing interests and maintain an even balance." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784 (CM), 2015 U.S. Dist. LEXIS 17374, at *9-*10 (Feb. 10, 2015) (staying action pending interlocutory appeal). As the Second Circuit has explained, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Hon. Lorna G. Schofield
*Detention Watch, et al. v. ICE, et al.*
October 14, 2016
Page 3 of 3

*Nederlandse Erts-Tankersmaatschappij, N. V. v. Isbrandtsen Co.*, 339 F.2d 440, 441-42 (2d Cir. 1964) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).[2]

      Allowing disclosure of the Pricing Documents at present would cause irreparable harm. Such disclosure may render Intervenor-Defendants' appeal from the July 14 Order moot. Moreover, the Pricing Documents contain confidential and proprietary information that could be used by the Intervenor-Defendants' competitors.

      The argument set forth in the Plaintiffs' Letter, that "much of the information [the Intervenor-Defendants] seek to protect has been in the public domain for several months," is inaccurate and misleading. (ECF No. 151 at 3.) The public Syracuse University report referenced by Plaintiffs, which can be found at http://trac.syr.edu/immigration/reports/422/ (last visited 10/13/16), includes per diem rates of a *relatively small portion* of ICE's detention facilities in the U.S. To the extent the report contains bed-day rates that were negotiated between the Intervenor-Defendants and the Defendants, the Intervenor-Defendants submit that it has harmed them by providing their confidential pricing information to their competitors.

      For all of the above reasons, Intervenor-Defendant Corrections Corporation of America requests a pre-motion conference concerning the Intervenor-Defendants' proposed motion to either amend or supplement the July 14 Order and, in the event the Court grants that motion, a subsequent motion staying the July 14 Order (or an supplementary order) pending the Intervenor-Defendants' appeal therefrom.

                                          Respectfully submitted,

                                          /s/ Bradley D. Simon

                                          Bradley D. Simon
                                          J. Evan Shapiro
                                          Simon & Partners LLP

                                          *Attorneys for Intervenor-Defendant*
                                          *Corrections Corporation of America,*
                                          *Inc.*

---

[2] CCA notes that even were the Court to decline exercising its inherent power to issue a stay, the standard the Court would apply in determining whether to issue a stay pending appeal from the July 14 Order would differ substantially to that set forth in the Plaintiffs' Letter (*see* ECF No. 151 at 1-3). Although Plaintiffs have identified correctly the four factors included in that standard, they fail to mention that the Second Circuit, following the D.C. Circuit, has held that "a party does not necessarily have to make a strong showing with respect to the first factor (likelihood of success on the merits) if a strong showing is made as to the second factor (likelihood of irreparable harm)." *People for the Am. Way Found. v. United States Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (citing *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985). As the Second Circuit has explained, "[t]he necessary 'level' or 'degree' of possibility of success" to warrant issuance of a stay pending appeal "will vary according to the court's assessment of the other [stay] factors." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2012) (quoting *Wash. Metro. Area Trans. Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977).