```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
DETENTION WATCH NETWORK, et al.,                             :
                                              Plaintiffs,    :
                                                             :
                 -against-                                   :
                                                             :
UNITED STATES IMMIGRATION AND                                :
CUSTOMS ENFORCEMENT, et al.,                                 :
                                             Defendants.     :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2019

14 Civ. 583 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

This motion for attorneys' fees and costs arises out of an action by Plaintiffs Detention Watch Network ("DWN") and Center for Constitutional Rights ("CCR") seeking certain records from Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs seek attorneys' fees and costs under FOIA for their efforts in litigating this case in the Court of Appeals for the Second Circuit and Supreme Court of the United States. Defendants and Defendant-Intervenors the GEO Group, Inc. ("GEO") and CoreCivic (previously known as Corrections Corporation of America ("CCA")) oppose the motion. Plaintiffs' motion is granted in part.

I. **BACKGROUND**

On November 25, 2013, Plaintiffs -- non-profit, human rights advocacy and legal groups -- submitted FOIA requests to DHS and ICE, seeking a range of records related to the "Detention Bed Mandate," which Plaintiffs define as a policy of maintaining a certain numerical level of detention. Among the records sought were executed agreements and contract renewals between ICE or DHS and private companies that operated detention facilities. The Detention Bed

Mandate has been the subject of significant public attention, including legislative efforts to eliminate the mandate.

On January 30, 2014, Plaintiffs filed this action to compel the Government to search for and produce records sought in their FOIA request. Based on input from GEO and CoreCivic, which are counterparties to detention facility agreements, ICE determined that it would continue to invoke FOIA Exemption 4, which protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4), to withhold "unit prices," "bed-day rates" and "staffing plans" from records of government contracts with private detention facilities. GEO and CoreCivic are or were two of the largest private immigration detention contractors in the country. As of December 2015, GEO operated twelve detention facilities for ICE, and CoreCivic operated eight facilities of various types for ICE.

On November 17, 2015, Plaintiffs moved for partial summary judgment challenging the Government's withholding of information pursuant to FOIA Exemption 4. The Government cross-moved for partial summary judgment. The Government submitted declarations from GEO and CoreCivic executives with its opposition and cross-motion briefing.

Pursuant to the July 14, 2016, Opinion and Order granting Plaintiffs' motion, "unit prices," "bed-day rates" and "staffing plans" in government contracts with private detention facilities were found to be not protected from disclosure. As a result, the Government was required to produce in unredacted form certain contracts of GEO and CoreCivic that previously had been produced with redactions.

On July 29, 2016, GEO requested a pre-motion conference on its contemplated motion to intervene. On August 5, 2016, the Government informed the Court that it did not oppose GEO's

proposed intervention. On August 9, 2016, during a conference discussing GEO's proposed intervention, the Government stated that it was deciding whether to appeal the July 14, 2016, Opinion and Order. On August 10, 2016, CoreCivic (then CCA) filed a request to intervene. By letter dated August 18, 2016, Plaintiffs informed the Court that the Government had notified them that the Government did not intend to appeal.

Pursuant to the September 1, 2016, Opinion and Order, GEO and CoreCivic were granted leave to intervene for the sole purpose of appealing the Court's July 14, 2016, Opinion and Order. Neither GEO nor CoreCivic was allowed to supplement the record or conduct discovery. On November 29, 2016, it was clarified that the Court's July 14, 2016, Opinion and Order was stayed in part pending GEO and CoreCivic's appeal.

On September 9, 2016, GEO and CoreCivic appealed this Court's July 14, 2016, Opinion and Order to the Second Circuit. Plaintiffs cross-appealed and moved to dismiss GEO and CoreCivic's appeal for lack of standing under FOIA. In February 2017, the Second Circuit granted Plaintiffs' motion to dismiss for lack of FOIA standing. GEO and CoreCivic moved for reconsideration and *en banc* review, which was denied.

GEO (without CoreCivic) petitioned the Supreme Court for *certiorari* on the question of FOIA standing. Plaintiffs filed an opposition brief. GEO's petition was denied on October 10, 2017.

On March 2, 2018, Plaintiffs and the Government stipulated to the payment of $220,000 for Plaintiffs' attorneys' fees and costs incurred in the district court litigation. Plaintiffs now seek to recover from the Government and, in the alternative, from GEO and CoreCivic, attorneys' fees and costs incurred litigating in the Second Circuit and Supreme Court.

## II. LEGAL PRINCIPLES

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To prevail on a request for attorneys' fees and costs, a claimant must show both eligibility and entitlement. *Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009); *accord Century Found. v. Devos*, No. 18 Civ. 1128, 2018 WL 3084065, at *3 (S.D.N.Y. June 22, 2018). A FOIA claimant is eligible if "a complainant has substantially prevailed[ -- that is] if the complainant has obtained relief through . . . a judicial order, or an enforceable written agreement or consent decree." 5 U.S.C. § 552(a)(4)(E)(ii). Entitlement is determined by weighing four criteria: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Pietrangelo*, 568 F.3d at 343; *accord Century Found.*, 2018 WL 3084065, at *3. Once eligibility and entitlement are established, the question becomes whether the fee requested is "presumptively reasonable." *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *New York Times Co. v. Cent. Intelligence Agency*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017).

## III. DISCUSSION

Plaintiffs' reasonable attorneys' fees and litigation costs incurred on appeal are assessed against the Government, but not GEO and CoreCivic.

### A. Plaintiffs Are Eligible and Entitled to Reasonable Fees and Costs

Plaintiffs have established eligibility and entitlement to reasonable fees and costs.

### 1. Eligibility

No party disputes Plaintiffs' eligibility, as Plaintiffs substantially prevailed by obtaining relief through a judicial order which survived GEO and CoreCivic's efforts to challenge it on appeal. *See* 5 U.S.C. § 552(a)(4)(E)(ii) ("[A] complainant has substantially prevailed if the complainant has obtained relief through . . . a judicial order . . . ."). As a result of the judicial order, the Government ultimately released the documents Plaintiffs sought in their FOIA request. Plaintiffs have substantially prevailed in this FOIA action and are eligible for fees and costs.

### 2. Entitlement

The parties similarly do not contest that Plaintiffs are "entitled."[1] Plaintiffs are entitled to fees and costs because the overall weight of the four entitlement criteria is in their favor. First, the public benefits from learning about the Government's practices with regard to private prison contractors and the use of guaranteed minimums. Plaintiffs have published the information they obtained through the FOIA requests. The importance of the issue is illustrated by the introduction of legislation in the United States House of Representatives that would ban guaranteed minimums of immigration detention beds. *See* Protecting Taxpayers and Communities from Local Detention Quota Act, H.R. 2808, 114th Cong. (2015). Second, Plaintiffs did not realize any commercial benefit from this action. CCR is a non-profit, legal and educational organization, and DWN is a coalition of organizations and individuals working on detention and deportation issues. Third, Plaintiffs sought the Government's records "[t]o vindicate the public's right to information about immigration detention and enforcement practices." Fourth, and finally, the Government had a reasonable basis for withholding the

---

[1] GEO argues that the Court should consider whether GEO and CCR's positions were reasonable on appeal, but only if GEO is held responsible for the fees and costs.

requested information while the case was on appeal because this Court had issued a stay on the production of documents. While this final factor favors the Government, the first three criteria weigh strongly in favor of Plaintiffs. Thus the balance of factors warrants entitlement.

### B. Reasonable Fees and Costs Are Assessable Against the Government

Plaintiffs contend that the Government -- or in the alternative GEO and CoreCivic as intervenors -- should pay Plaintiffs' attorneys' fees and costs incurred litigating this action in the Second Circuit and Supreme Court. The Government counters that it is not responsible for such fees because the Government was not a party to the appeal and its interests were not aligned with GEO and CoreCivic. GEO and CoreCivic assert that FOIA does not provide for the award of attorneys' fees from non-government parties. For the following reasons, FOIA's plain language, purpose, case law and principles of equity support assessing reasonable fees and costs against the Government for Plaintiffs' appellate work.

#### 1. FOIA's Plain Language

"The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there." *In re Barnet*, 737 F.3d 238, 246 (2d Cir. 2013) (internal quotation marks omitted). "When the statutory language is plain, the sole function of the courts . . . is to enforce it according to its terms." *Cmty. Health Care Ass'n of New York v. Shah*, 770 F.3d 129, 151 (2d Cir. 2014) (alteration in original).

The plain language of FOIA's fee-shifting provision is clear -- this Court "may assess *against the United States* reasonable attorney fees and other litigation costs reasonably incurred *in any case under [FOIA]* in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added).

FOIA's broad language encompasses the situation here. Plaintiffs brought this case under FOIA to compel the Government to produce records pertaining to ICE's detention bed quota. On appeal, Plaintiffs asserted that GEO and CoreCivic lacked standing under FOIA to pursue the appeal. Throughout the proceedings, this case was and is a FOIA action. Nothing in the statutory language confines its reach to parts actively litigated by or against the United States. *See United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 171 (2d Cir. 2018) ("If the statutory language is unambiguous, 'we construe the statute according to the plain meaning of its words.'") (quoting *Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013)); *see also Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 174 (2d Cir. 2005) ("[T]he word 'any' has an expansive meaning . . . .") (some internal quotation marks omitted) (quoting *Deravin v. Kerik*, 335 F. 3d 195, 203 (2d Cir. 2003)). FOIA's statutory language strongly supports the assessment of Plaintiffs' fees and costs against the Government.

### 2. FOIA's Purpose

FOIA's purpose supports granting Plaintiffs' motion as to the Government. *See United States v. DiCristina*, 726 F.3d 92, 96–97 (2d Cir. 2013) ("'Our obligation is to give effect to congressional purpose so long as the congressional language does not itself bar that result.'") (quoting *Johnson v. United States*, 529 U.S. 694, 710 n.10 (2000)).

"FOIA strongly favors a policy of disclosure." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir. 2005). FOIA was enacted in 1966 to ensure public access to information by creating a judicially enforceable public right to obtain information from government agencies. *See Milner v. Dep't of Navy*, 562 U.S. 562, 565 ("Congress enacted FOIA to overhaul the public-disclosure section of the Administrative Procedures Act . . . [which had] gradually become more a withholding statue than a disclosure statute.") (internal quotation

marks omitted). By granting access to such information, Congress sought "to 'promote honest and open government and to assure the existence of an informed citizenry [in order] to hold the governors accountable to the governed.'" *Nat'l Council of La Raza*, 411 F.3d at 355 (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999)); *accord John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). "Congress enacted FOIA 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 173 (2d Cir. 2014) (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)). With FOIA's fee-shifting provision, "Congress has indicated a specific intent to encourage vigorous enforcement." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S.C.C.A.N. 4953, 4986–87.

FOIA's goals are better served by reimbursing Plaintiffs for reasonable fees and costs incurred on appeal, particularly when Plaintiffs were appellees and prevailed in the district court. To do otherwise would discourage FOIA plaintiffs with meritorious cases from pursing FOIA information critical to promoting an informed citizenry and holding agencies publicly accountable. *See Davy v. C.I.A.*, 550 F.3d 1155, 1158 (D.C. Cir. 2008) ("A grudging application of [FOIA's fee-shifting] provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent.") (internal quotations marks omitted).

### 3. Case Law and Principles of Equity

The parties did not identify -- nor did the Court independently find -- binding case law regarding whether to award fees and costs to a successful FOIA plaintiff against the Government for work incurred litigating against non-government parties. Persuasive authority, however,

supports holding the Government responsible for fees and costs related to Defendant-Intervenors even when the Government did not actively litigate against Plaintiffs.

First, the Government has been held responsible in a FOIA action for fees and costs related to intervenors even when the Government did not actively litigate against a successful party. *See Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1505 (10th Cir. 1996) (affirming without discussing a district court's award of fees under FOIA where an intervenor defended the documents from disclosure).

Second, principles of equity further support holding the Government responsible for fees. Plaintiffs disseminated the information gained through their FOIA action to the public. *See Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124 (2d Cir. 2013) (holding that in "suits where one litigant's expenses benefit a larger class," attorney fees may be awarded). The public benefitted from Plaintiffs' labors, and the public funds the Government. *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391–92 (1970) ("To allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.").

Third, and finally, the Government's interests did not diametrically diverge from those of Defendant-Intervenors. The Government chose not to appeal *after* both GEO and CoreCivic had requested to intervene, and the Government did not oppose the intervention. Because the Government did not acquiesce to Plaintiffs' claims during the pendency of the appeals -- and instead stood by while Defendant-Intervenors sought to defend the Government's actions on appeal -- Plaintiffs' appellate work "was made necessary by the [Government]'s opposition . . . ." *See Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, No. 13 Civ. 72346, 2017 WL 3096105, at *10 (9th Cir. June 27, 2017) (allowing fees under the Equal Access to Justice Act

9

where the agency "did not request a remand or otherwise acquiesce" to the plaintiff's claims during litigation); *see also Judicial Watch*, *Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 374 (D.C. Cir. 2006) ("[The agency] should only [be] liable for fees related to third parties insofar as they 'were incurred in opposing government resistance.'") (quoting *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991)).

The Government advocates for the application of a "bright-line rule" that does not permit the award of fees against it for phases of litigation when a plaintiff is actively opposed only by third parties. This argument is unpersuasive. The sole FOIA case cited by the Government in support of this contention is *Judicial Watch*, a factually disparate and non-binding case. In *Judicial Watch*, the Court of Appeals for the District of Columbia Circuit awarded FOIA attorneys' fees for court-ordered depositions of third-parties, but not costs incurred from discovery disputes between the plaintiff and third parties initiated by the plaintiff. 470 F.3d at 374 ("It is important to emphasize here that 'litigation disputes' should not be confused with authorized depositions of third parties taken by Judicial Watch. [The Government] contests only the former, not the latter."). The Court of Appeals found that "in those situations when (1) the litigation disputes between [the plaintiff] and the third parties were not initiated or pursued by [the Government], (2) the third parties were not represented by [the Government], and (3) [the Government] had neither authority nor control over the third parties, no fees should [be] awarded." *Id.* Unlike in *Judicial Watch*, the intervenors here -- not Plaintiffs -- pursued this litigation. Plaintiffs litigated on appeal out of necessity to defend their judgment. Further, in this case, the litigation pursued by the intervernors directly challenged Plaintiff's FOIA request for documents -- compared to *Judicial Watch* where, for example, the plaintiff sought discovery including the deposition of a witness who "had nothing to do with the FOIA requests or the

10

search for responsive documents." *Id.* at 372; *cf. Ass'n of Am. Physicians & Surgeons, Inc. v. U.S. Food & Drug Admin.*, 391 F. Supp. 2d 171, 179–81 (D.D.C. 2005) (awarding fees and costs against the Government under the Equal Access to Justice Act for an appeal solely pursued by an intervenor, even when the Government submitted an amicus brief in support of the plaintiff and in opposition to the intervenor).

FOIA's plain language, purpose, case law and principles of equity thus support the award of fees and costs for the prevailing party in this FOIA litigation -- Plaintiffs -- against the Government.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is GRANTED in part. Plaintiffs DWN and CCR are awarded reasonable attorneys' fees and costs incurred while litigating this action in the Second Circuit and Supreme Court, and those fees and costs will be assessed against Defendants ICE and DHS (and not Defendant-Intervenors GEO and CoreCivic).

The Clerk of Court is respectfully directed to close the motion at Docket Number 194.

SO ORDERED.

Dated: February 5, 2019
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' alternative request that GEO and CoreCivic cover such fees is not supported by the statutory language.